UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

METROPOLITAN LIFE INSURANCE
COMPANY,

                Plaintiff,

v.

ERIC GISCOMBE, ROSE SANG BROWN, THE
ESTATE OF HUGHFITZ GISCOMBE, LEONARD
SANG, HISLAND SANG *a/k/a* ISLYN WILKES,
and SHELLEY TILLMAN,

                Defendants.

**ORDER**
19-CV-4463 (MKB) (CLP)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Metropolitan Life Insurance Company ("MetLife") commenced the above-captioned action against Defendants Eric Giscombe, Rose Sang Brown, the Estate Of Hughfitz Giscombe, Leonard Sang, Hisland Sang, also known as Islyn Wilkes, and Shelley Tillman on August 2, 2019, and filed an Amended Complaint on June 10, 2020, to determine the distribution of certain life insurance benefits (the "Plan Benefits") held in the name of Viva M. Giscombe.  (Compl., Docket Entry No. 1; Am. Compl. ¶¶ 12–33, Docket Entry No. 26.) Pursuant to the Court's order dated November 12, 2019, MetLife deposited the Plan Benefits into an escrow account for disbursement.  (*See* Mot. for Interpleader Deposit, Docket Entry No. 5; Order dated Nov. 12, 2019, Docket Entry No. 13.)  On September 17, 2021, Magistrate Judge Cheryl L. Pollak conducted a hearing for challenges raised against the designated beneficiary and two potential claimants, Eric Giscombe and Shelley Tillman, presented testimony in support of their positions as to the proper beneficiary designation.  (*See* Order dated Mar. 23, 2021, Docket Entry No. 47; Tr. of Show Cause Proceeding dated Sept. 17, 2021, Docket Entry No. 54.)

By report and recommendation dated January 21, 2022, Judge Pollak *sua sponte* recommended that the Court set a trial date or order the parties to engage in court-ordered mediation (the "R&R"). (R&R 25, Docket Entry No. 57.)

No objections to the R&R have been filed and the time for doing so has passed.

**I.   Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if

the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1). The Court shares Judge Pollak's concerns that (1) a trial would be expensive due to costs associated with travel, witnesses, and medical evidence; (2) the funds are limited due to the possibility of a split award amongst beneficiaries and the costs and fees to be deducted by MetLife in bringing this action; and (3) waiting for trial could be lengthy due to the backlog of trial-ready cases as a result of the COVID-19 pandemic. (R&R 24.) In light of these limitations, the Court agrees that, as an alternative to trial, court-ordered mediation pursuant to Local Rule 83.8(b)(1) would likely bring about the most efficient resolution to this dispute. *See Wilton Reassurance Life Co. of New York v. Smith*, No. 12-CV-5131, 2015 WL 631973, at *18 (E.D.N.Y. Feb. 13, 2015).

## II. Conclusion

Accordingly, the Court adopts the R&R and, consistent with Judge Pollak's recommendations, refers this case for court-ordered mediation. (R&R 24.)

Dated: July 12, 2022
      Brooklyn, New York

SO ORDERED:

         s/ MKB
MARGO K. BRODIE
United States District Judge