UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
METROPOLITAN LIFE INSURANCE CO.,

                Plaintiff,

- against -

ERIC GISCOMBE, ROSE SANG BROWN, LEONARD
SANG, HISLAND SANG, SHELLEY TILLMAN, and
ESTATE OF HUGHFITZ GISCOMBE,

                Defendants.
-----------------------------------------------------------x

**REPORT AND RECOMMENDATION**
19-CV-4463-MKB-SJB

**BULSARA, United States Magistrate Judge:**

      This interpleader action was commenced by Plaintiff Metropolitan Life Insurance Co. ("MetLife") to determine the proper beneficiaries of a $28,000 insurance policy (the "Policy") insuring the life of Viva M. Giscombe. For the reasons stated below, the Court respectfully recommends that the Clerk disburse the Policy proceeds, plus any accrued interest, as detailed herein, enter judgment dismissing the claims against the recipients who have not come forward, and close this case.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Viva Giscombe was a retired employee of MetLife who maintained a basic life insurance plan with the company. (Compl. dated Aug. 2, 2019 ("Compl."), Dkt. No. 1 ¶ 12). The Policy established the terms by which Viva Giscombe could name a beneficiary. (*Id.* ¶ 15). If there was no valid beneficiary at the time of her death, the Policy provided that the "amount will be divided and paid in equal shares" to members of whatever class of family members "in which there is a person who is related to you *and who survives you.*" (*Id.* ¶ 17 (emphasis added)). The classes were listed as

(1) spouse, civil union partner, or domestic partner; (2) children; (3) parents; and (4) brothers or sisters. (*Id.*). Viva Giscombe died on July 11, 2016. (*Id.* ¶ 20).

After filing this Rule 22 interpleader action, MetLife moved to deposit the Policy proceeds with the Court, which the Court granted. (Mot. for Interpleader Deposit, Dkt. No. 5; Order dated Nov. 12, 2019, Dkt. No. 13). The amount of $28,476.00—the original $28,000 benefit plus accrued interest—was deposited with the Court in an interest-bearing account on December 12, 2019. (Interpleader Deposit, Dkt. No. 14). After learning more information about Viva Giscombe's family members and their statuses as potential claimants, MetLife filed an Amended Complaint, which named the following potential claimants to the Policy proceeds: Eric Giscombe, Viva Giscombe's brother; Rose Sang Brown, her sister; the Estate of Hughfitz Giscombe (the "Estate"), representing the interests of Viva Giscombe's brother, Hughfitz Giscombe; Leonard Sang, her brother; Hisland Sang a/k/a Islyn Wilks, her sister; and Shelley Tillman, who was Viva Giscombe's caregiver and the named beneficiary under the Policy. (Am. Compl. dated June 10, 2020 ("Am. Compl."), Dkt. No. 26 ¶¶ 2–5, 7–8, 18).[1]

---

[1] The original Complaint named Eric Giscombe, Rose Sang Brown, Hughfitz Giscombe, Laurel Sang, Leonard Sang, Hisland Sang, and Shelley Tillman as claimants. In the Amended Complaint, Laurel Sang a/k/a Laura Chen was removed after MetLife learned that she predeceased Viva Giscombe. (Letter dated Mar. 16, 2020 ("MetLife's Exhaustion Letter"), Dkt. No. 21 at 2). Under the terms of the Policy, Laurel Sang's estate was not eligible to receive the proceeds. (*See* Am. Compl. ¶ 17). Hughfitz Giscombe was also replaced by his Estate in the Amended Complaint after MetLife learned that he passed away shortly after the commencement of this action, on March 11, 2020. (MetLife's Exhaustion Letter at 2). The normal course of action in the event of a deceased party would be for the Estate to file an order of substitution under Fed. R. Civ. P. 25(a)(1). However, because both Hughfitz Giscombe and his Estate's representative, Pamela Giscombe, appeared *pro se*, MetLife simply amended its complaint to substitute the Estate as a party.

The Court, with the aid of MetLife's counsel, made efforts to serve and notify all claimants about their potential entitlement to the Policy proceeds. Shelley Tillman waived service on September 4, 2019, and appeared. (Waiver of Service dated Sept. 4, 2019, Dkt. No. 8; *e.g.*, Tr. dated Sept. 17, 2021 ("Sept. 17 Tr."), Dkt. No. 54). Eric Giscombe and Rose Sang Brown were served and also appeared. (Summonses Returned Executed, Dkt. Nos. 9, 15; *e.g.*, Sept. 17 Tr. (Eric Giscombe appearing); Tr. dated Feb. 24, 2021 ("Feb. 24 Tr."), Dkt. No. 82 (Rose Sang Brown appearing)). All claimants who appeared in the case did so *pro se*. Summons were issued as to the Estate of Hughfitz Giscombe,[2] Leonard Sang, and Hisland Sang (Summonses Issued, Dkt. Nos. 2, 28, 36), but MetLife was unable to effect formal service upon them due to quarantine restrictions during the height of the COVID-19 pandemic. (Sept. 17 Tr. at 5:21–6:4).[3] Leonard Sang and Hisland Sang both live in the United Kingdom. (*See generally* Docket).

On September 17, 2021, Judge Cheryl Pollak held a hearing on the service deficiencies for the potential claimants and on the question of entitlement to the Policy

---

[2] Hughfitz Giscombe was properly served on October 21, 2019. (Summons Returned Executed, Dkt. No. 12). After his death on March 11, 2020, his widow and the representative of the Estate, Pamela Giscombe, appeared at three status conferences before the Court. Proof of formal service for the Estate was never filed, but it was aware of the action, and Pamela Giscombe participated in several conferences. (Tr. dated Oct. 27, 2020, Dkt. No. 80; Tr. dated Jan. 13, 2021, Dkt. No. 81; Feb. 24 Tr.). Pamela Giscombe has not appeared or responded to the Court's mailings since the status conference on February 24, 2021.

[3] In January 2021, Christine Wilks, the daughter of Hisland Sang, wrote a letter to, and corresponded by email with, counsel for MetLife. (Letter dated Jan. 12, 2021, Dkt. No. 42). After receiving her letter, MetLife's counsel sent Christine Wilks the Amended Complaint by email. (*Id.* at 6). In an email, Ms. Wilks represented that "there is no advantage in either my mother [Hisland Sang] (aged 94) or her brother Leonard Sang (aged 98) being involved." (Letter dated Jan. 13, 2021 ("Wilks Letter"), Dkt. No. 43 at 2).

3

proceeds; only Eric Giscombe and Shelley Tillman appeared. (Sept. 17 Tr. at 5:21–6:11). At the hearing, Eric Giscombe challenged the validity of the designation naming Shelley Tillman beneficiary to the Policy proceeds. (*See id.* at 6:5–6:11). Eric Giscombe argued his sister was suffering from dementia when she named Tillman as beneficiary, and thus, her designation should be found to be fraudulent. (*See id.* at 10:19–12:23, 13:19–16:12). Tillman defended her designation as beneficiary. (*Id.* at 16:17, 19:12–19:15).

Judge Pollak issued a recommendation that a trial date be set to resolve the dispute and the claimants be directed to court-ordered mediation. (Sua Sponte R. & R., Dkt. No. 57 at 25). Judge Margo K. Brodie adopted the report and recommendation in full and referred the case to court-ordered mediation. (Order Adopting R. & R., Dkt. No. 61).

A mediator was selected on March 31, 2023. (Selection of Mediator dated Mar. 31, 2023). The ADR Department mailed the notice of mediation, along with instructions on how to participate, to Eric Giscombe, Shelley Tillman, Rose Sang Brown, Leonard Sang, and Hisland Sang. (Report of Mediation dated Apr. 3, 2023). The Estate did not receive the report; however, it was notified of a pre-mediation status conference held on March 28, 2023, and failed to appear. (Scheduling Order dated Feb. 28, 2023 ("[A] representative for the Estate of Hughfitz Giscombe [is] directed to appear. Failure to appear at the conference may result in the dismissal of any claim or entitlement to the proceeds at issue.")). The mediation was held on May 23, 2023, in which only Shelley Tillman, Eric Giscombe, and Rose Sang Brown (the "Settling Claimants") participated. (Order dated May 30, 2023).

4

A settlement was reached between these claimants (the "Mediation Agreement"). (*Id.*; Mediation Agreement dated May 23, 2023).[4] The Settling Claimants agreed that one-half of the Policy proceeds would be awarded to Shelley Tillman, and "the remaining half to the living siblings of the decedent," including Eric Giscombe and Rose Sang Brown. (Mediation Agreement). Other living claimants were, therefore, potentially eligible to receive some of the Policy proceeds.

To enable their participation in or objection to the settlement, the Court mailed notices to the potential claimants who did not participate in the mediation: Leonard Sang, Hisland Sang, and the Estate of Hughfitz Giscombe. (Orders dated June 1, 2023, Dkt. Nos. 75, 76, 77). The orders directed:

> You, [Name of Claimant], are receiving this order from the United States District Court for the Eastern District of New York because you were named as a potential beneficiary for proceeds from the life insurance policy issued to Viva M. Giscombe. To date, the Court has not received any indication that you intend to participate in this process for determining your entitlement to such funds. This is your final opportunity to do so. Please write to the Court at 225 Cadman Plaza East, Brooklyn, NY 11201 including this case number (19-cv-4463) with any correspondence to indicate whether you wish to continue participating in this litigation. You should write to the Court no later than [Date]. Should the Court not receive any affirmative indication that you wish to participate, your claim to any proceeds will be extinguished and your rights to any proceeds dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41. *Metro. Life Ins. Co. v. Little*, No. 13-CV-1059, 2013 WL 4495684, at *2 (E.D.N.Y. Aug. 17, 2013) ("The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." (quotations omitted)) (collecting cases).[5]

---

[4] The Mediation Agreement is attached to this Report and Recommendation.

[5] All three non-appearing potential claimants were given until June 22, 2023, to respond to the notice. In the reissued order to Leonard Sang dated September 13, 2023, he was given until October 4, 2023, to respond.

(*Id.*). Hisland Sang and the Estate of Hughfitz Giscombe received the orders through FedEx on June 7, 2023, and June 6, 2023, respectively. (Order dated Sept. 13, 2023). Leonard Sang did not receive the order the first time. (*Id.*). The Court reissued the order, attempted redelivery through FedEx, and emailed the order to his last known email address. (Order dated Sept. 13, 2023, Dkt. No. 79; Order dated Sept. 19, 2023). FedEx delivered the mailing on September 15, 2023, to a neighboring address because Mr. Sang was "not available." *See* Tracking Search, FedEx, https://www.fedex.com/en-us/home.html (last accessed Nov. 6, 2023) (inserting FedEx Tracking No. 8742 5867 7046).[6] None of these potential claimants responded to the Court's notices.

## DISCUSSION

An interpleader action requires the Court to conduct a two-step inquiry: First, to determine whether the plaintiff has demonstrated that the requirements of interpleader have been met and that it should be discharged, and second, to resolve the adverse claims between the claimants.[7] *Chi. Tit. Ins. Co. v. Lumbermens Mutual Cas. Co.*, No. 22-CV-768, 2022 WL 19520885, at *2 (E.D.N.Y. Dec. 23, 2022); *see also N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983).

As to the second stage, "the failure . . . to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Chi. Tit. Ins. Co.*, 2022 WL 19520885, at *3 (quotations omitted);

---

[6] As of January 2021, Leonard Sang was 98 years old. (Wilks Letter at 2). By the time the Court mailed these notices in June and September 2023, it is likely that he was over 100 years old.

[7] The Court determined that MetLife demonstrated the requirements of interpleader and accordingly dismissed MetLife from the action and discharged them of liability. (Order dated Nov. 18, 2022, Dkt. No. 67).

6

*see also Amalgamated Life Ins. Co. v. Boatswain*, No. 17-CV-91, 2018 WL 4921646, at *5 (E.D.N.Y. July 20, 2018) ("[D]ismissal of [the non-appearing claimants] will be proper as they have forfeited all claims to payment of funds by failing to appear in this action after the interpleader action was asserted against them." (quotations and alterations omitted)), *report and recommendation adopted*, Order (Aug. 7, 2018).

At the outset, there were seven potential claimants to the Policy proceeds. One of them, Laurel Sang, predeceased Viva Giscombe and was removed. Two others, Leonard Sang and Hisland Sang, received notices of the mediation, of the resulting settlement, and of their ability to participate in receiving proceeds. *Supra* at pp. 4–5. On June 1, 2023, and again on September 13, 2023, the Court indicated to each that "[s]hould the Court not receive any affirmative indication that you wish to participate, your claim to any proceeds will be extinguished and your rights to any proceeds dismissed with prejudice." (Orders dated June 1, 2023, Dkt. Nos. 75, 76, 77; Order dated Sept. 13, 2023, Dkt. No. 79). But neither did. As a result, they have no entitlement to the Policy Proceeds, and the Court recommends that the Clerk enter an order indicating the same. *See, e.g.*, *Chi. Tit. Ins. Co.*, 2022 WL 19520885, at *3 (entering default against non-appearing defendants).

That leaves four potential claimants: Shelley Tillman, Eric Giscombe, Rose Sang Brown, and the Estate of Hughfitz Giscombe. The Estate, like Leonard Sang and Hisland Sang, did not attend the mediation and was also sent a Court notice asking for some affirmative indication in order to receive settlement funds or object. (Order dated June 1, 2023, Dkt. No. 77). No one responded. As such, the Estate of Hughfitz Giscombe also has forfeited its right to any Policy proceeds.

7

The three remaining claimants, Shelley Tillman, Eric Giscombe, and Rose Sang Brown, all participated in the mediation. (Order dated May 30, 2023; *see* Mediation Agreement). Under the terms of the Mediation Agreement, Shelley Tillman is entitled to one-half of the Policy proceeds, with the remaining half split evenly between Eric Giscombe and Rose Sang Brown. (Mediation Agreement); *see Chi. Tit. Ins. Co.*, 2022 WL 19520885, at *3 (disbursing interpleader funds to the two defendants who appeared in the case and reached a settlement, and entering default judgment against the defendants who failed to appear). Any interest accrued since the Policy proceeds were deposited with the Court on December 12, 2019, should also be split between Shelley Tillman, Eric Giscombe, and Rose Sang Brown according to their percentage of the settlement amount. *See* 7 Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1716 (3d ed. 2023) ("The general practice is that any interest accruing on an interpleader fund deposited in the court is distributed to the claimants."); *see, e.g.*, *Marcus v. Dufour*, 796 F. Supp. 2d 386, 395 (E.D.N.Y. 2011) (distributing interest accrued while funds were in the Court's possession to the claimant).

## CONCLUSION

For the reasons described above, the Court respectfully recommends that the Clerk be ordered to disburse the Policy proceeds, plus any accrued interest, in accordance with the Mediation Agreement between the Settling Claimants Shelley Tillman, Eric Giscombe, and Rose Sang Brown, specifically: $14,238.00, plus one-half the accrued interest, to Shelley Tillman; $7,119.00, plus one-fourth accrued interest, to Eric Giscombe; and $7,119.00, plus one-fourth accrued interest, to Rose Sang Brown.

Furthermore, the Court recommends that the Clerk enter an order that the non-appearing claimants—Leonard Sang, Hisland Sang, and the Estate of Hughfitz

8

Giscombe—have defaulted and thus forfeited their claims to the Policy proceeds. The Court recommends that any and all claims that Leonard Sang, Hisland Sang, and the Estate of Hughfitz Giscombe has or may have to the Policy proceeds be dismissed with prejudice.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York
November 6, 2023