UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
METROPOLITAN LIFE INSURANCE
COMPANY,

                        Plaintiff,

v.

ERIC GISCOMBE, ROSE SANG BROWN, THE
ESTATE OF HUGHFITZ GISCOMBE, LEONARD
SANG, HISLAND SANG *a/k/a* ISLYN WILKES,
and SHELLEY TILLMAN,

                        Defendants.
------------------------------------------------------------------

**ORDER**
19-CV-4463 (MKB) (SJB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Metropolitan Life Insurance Company ("MetLife") commenced the above-captioned action against Defendants Eric Giscombe, Rose Sang Brown, the Estate of Hughfitz Giscombe, Leonard Sang, Hisland Sang, also known as Islyn Wilkes, and Shelley Tillman on August 2, 2019, and filed an Amended Complaint on June 10, 2020, to determine the distribution of certain life insurance policy benefits (the "Policy Proceeds") held in the name of Viva M. Giscombe. (Compl., Docket Entry No. 1; Am. Compl. ¶¶ 12–33, Docket Entry No. 26.) Pursuant to the Court's order dated November 12, 2019, MetLife deposited the Policy Proceeds into an escrow account for disbursement. (*See* Mot. for Interpleader Deposit, Docket Entry No. 5; Order dated Nov. 12, 2019, Docket Entry No. 13.)

      On July 12, 2022, the Court referred this case to the EDNY-Court Annexed mediation. (Order Adopting Report & Recommendations, Docket Entry No. 61; *see also* Order dated Jan. 5, 2023.) On May 23, 2023, Shelley Tillman, Eric Giscombe, and Rose Sang Brown (the "Settling Claimants") participated in mediation and reached a settlement. (Order dated May 30, 2023

("Mediation Order"); Mediation Agreement, Docket Entry No. 83-1).  Under the settlement, Shelley Tillman would receive one-half of the Policy proceeds, and the living siblings of the decedent would receive the remaining one-half.  (Mediation Agreement.)  Potential claimants included: Eric Giscombe, Viva Giscombe's brother; Rose Sang Brown, her sister; Leonard Sang, her brother; Hisland Sang, her sister; and Hughfitz Giscombe, her brother, represented by his Estate.  (Am. Compl. ¶¶ 2–5, 7–8.)  Eric Giscombe and Rose Sang Brown were the only living siblings to participate in mediation, (Mediation Order), and no non-participating potential claimants responded to the Court's notices about the settlement, (*see* Orders dated June 1, 2023, Docket Entry Nos. 75, 76, 77; Order dated Sept. 13, 2023, Docket Entry No. 79; Order dated Sept. 19, 2023).

By report and recommendation dated November 6, 2023, Magistrate Judge Sanket Bulsara recommended that the Court (1) disburse the Policy Proceeds, plus any accrued interest in accordance with the Mediation Agreement between the Settling Claimants — specifically $14,238.00, plus one-half the accrued interest, to Shelley Tillman; $7,119.00, plus one-fourth accrued interest, to Eric Giscombe; and $7,119.00, plus one-fourth accrued interest, to Rose Sang Brown — and (2) enter an order that the non-appearing claimants — Leonard Sang, Hisland Sang, and the Estate of Hughfitz Giscombe — have defaulted and thus forfeited their claims to the Policy Proceeds, dismissing any and all claims against them with prejudice.  (Report and Recommendation ("R&R") 8–9, Docket Entry No. 83.)

No objections to the R&R have been filed and the time for doing so has passed.

**I.    Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

2

28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

  The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

3

## II. Conclusion

Accordingly, the Court directs the Clerk to disburse the Policy Proceeds as follows:

$14,238.00, plus one-half the accrued interest, to Shelley Tillman at 182 SW Starfish Ave, Port St. Lucie, FL 34984;

$7,119.00, plus one-fourth accrued interest, to Eric Giscombe at 39 Summit Drive, Mount Pocono, PA 18344; and

$7,119.00, plus one-fourth accrued interest, to Rose Sang Brown at 5287 Winchester Ave, Inwood, WV 25428

In addition, the Court dismisses the action against Defendants Leonard Sang, Hisland Sang, and the Estate of Hughfitz Giscombe with prejudice. Upon disbursement of the Policy Proceeds, the Clerk is directed to close this case.

Dated: November 21, 2023
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge